FILED

DEC 06 2018

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

Filed Federal court

1:18cv216
Kleeh
A 101

15

The petitioner is filing this petition due to the impeachment of the four West Virginia state Supreme Court judges . Do to their maladministration and their corrupt actions. By their refusal to take pro se filings and by their own refusal to enforce the court orders with the lower courts.

The Monongalia county circuit courts refusals to do what was court ordered by the West Virginia state Supreme Court of appeals.

Had the petitioner been granted her constitutional right to a habeas corpus she may have had her charges just dropped and by them refusing to retry her they violated her constitutional rights

The question is what did the Monongalia County Circuit Court and West Virginia State Supreme Court have to gain by not filing or hearing these petitions and why these gross forms of misconduct and maladministration were allowed to occur?

There is evidence of maladministration which is " inefficient or dishonest administration; mismanagement " and by their previous impeachment and convictions there is no reason as to why their conduct should not be reviewed in this petition.

To sum up this petition in short petitioner filed a case with the West Virginia state Supreme Court case number 16 –0034 it was dismissed petitioner than filed in federal court case number 2:16cv7

They dismiss for failure to follow states remedies Said the petitioner did as the federal court told her to do and re-filed and the West Virginia state Supreme Court they refused to docket and hear the case thus evading review they Did not make the appointed attorneys follow court orders and Dockit that case in short due to their maladministration that petitioner

a writ requiring a person under arrest to be brought before a judge or into court, especially to secure the person's release unless lawful grounds are shown for their detention.

By the order

Motion to discharge the defend it from further custody

Filed pro se by the defendant one

The defendant was released on this order on August 15, 2016

Which would mean that the state had no right to hold her.

Mongolia county circuit court docket number

Petitioner does not consider early release from prison as a remedy or resolution to a heabas corpus because on December 29, 2015 petitioner turned down a reconsideration which would release her from prison for a court ordered Hebas corpus so that she could have her case review and overturned thus Removing her criminal history

By not docketing or reviewing my case after dismissal of case number 16-0034 on. In the West Virginia State Supreme Court . By the West Virginia District Court dismissing case number. 2:16cv7 even after it had been dismissed by West Virginia state Supreme Court of appeals due to the fact that I had not exhausted West Virginia States remedies. So by their actions at a period when the case was ripe they dismissed my petition so they could evade review of the lower courts decision. Ripe meaning In United States law "ripeness refers to the readiness of a case for litigation; "a claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."

This did not occur at all because the circuit court of Mongolia county decided to release the petitioner from probation six months early even with petitioners past probation history that she was refused parole on twice

They refused to hear the petitions filed pro se by petitioner kept continuing and remaking back to the Monongalia Circuit Court while the case was ripe. The West Virginia State Supreme Court did not appoint counsel from from The State of West Virginia public defenders office. The appointment of counsel was remanded back to Monongalia County Circuit Court for appointment of counsel twice. "Right to counsel means a defendant has a right to have the assistance of counsel (i.e., lawyers), and if the defendant cannot afford a lawyer, requires that the government appoint one or pay the defendant's legal expenses. The right to counsel is generally regarded as a constituent of the right to a fair trial. "

The appointment of counsel was given to the same court in which the petitioner had the hebeas filed against.

The West Virginia State Supreme Court would also not accept pro se filings from the petitioner they continuously stated that she had legal representation and continued the hearing process until The Circuit Court of Monongalia County could release the petitioner from states custody six months early thus rendering it moot. Which means "a case which has already been resolved by a court of law. The term moot case is also used to signify a case that is entirely fictional or in the form of an abstract question as well it is based upon a fact or right which is not recognizable by law."

17

Their resolution to the case where is releasing me from Probation six months early Thus rendering of decisions of moot.

By their maladministration they were basically controlling my hebeas proceedings and life while my case was ripe. Until I could be released from states custody thus The Monongalia County Circuit Court and The West Virginia State Supreme Court was able to evade review.

Continuously denying me my constitutional rights for 15 months. Which I will have to suffer their legal maladministration for the rest of my life. After the initial order being granted in The Circuit Court of Monongalia County in December of 2015.

Thus causing the petitioner further duress with her criminal history.

Having prior convictions and criminal background held against you because you were refused a habeas corpus by four West Virginia State Supreme Court justices.

Had the petitioners case been docketed and heard. She mite have had the opportunity to have the lower courts decision overturned.

Had the petitioners pro se filings been heard instead of continued the petition would have been held while ripe.

If the attorneys appointed from Monongalia County's public defenders office had filed her heabas petition as court ordered to do so by The West Virginia State Supreme Court they would have not been able to evade review.

Instead the public defenders refused to file thus causing the petitioner legal recourse that she will suffer with the rest of her life.

Had The West Virginia State Supreme Court appointed counsel from The West Virginia Public Defenders Office in the first place after the dismissal of case 16-0034 and the West Virginia District Court's dismissal due to not exhausting States remedies.

The petitioner mite have had her previous plea that had not been meditated and that the petitioner was coerced into signing dismissed. and removed from her background. Which would have exonerated her criminal history.

18

Instead The West Virginia State Supreme Court prolonged the appointment of counsel until the lower court rendered a decision that caused all future proceedings and petitions to be rendered as moot by their actions.

The original habeas was filed because the petioner plea was not meditated by her attorney Edward Rollo with prosecutor Stephen Fitz. The signing of the plea was coerced by the court by putting dismissed charges in the plea offer and by the judge not suggesting that the defendant receive additional counsel on her plea when she questioned why the attorney did not know of the previous cases stated or additional charges stated in plea offer.

Instead her attorney was advising her to take the plea even after he admitted to not knowing or speaking with the o prosecutor about the plea offer.

Instead the prosecutor talked over the plea with a previous attorney David DeMoss who had nothing to do with the current case or the one stated in the plea. Attorney Thomas Jalanto was the court appointed attorney that handled the case mentioned in the plea.

The Court did not suggest that the defendant receive additional legal counsel or that the current attorney be afforded a discovery on the additional charges. The court proceeded with the plea hearing .

Even after legal counsel admitted to knowing nothing of the information stated in the plea agreement.

So basically the defendant was coerced into signing the plea by the Judge , prosecution, and her own attorney.

The defendant has no knowledge of court proceedings and is not a member of the court so her self obtained attorney is susposed to help with representation and legal counsel this attorney did not. Instead he choose to work for the state and help convict and coerce the defendant into signing the plea agreement by stating I should take the plea agreement instead of him saying I think we should continue this hearing until I have a chance to mediate this plea with the prosecution and a discovery is given on the additional charges.

After the defendants incarceration she learned that the legal actions of the court and her self obtained attorney was against her constitutional rights.

So the petitioner filed with the :

- West Virginia Disciplinary Counsel

- West Virginia Judicial Review Board

- West Virginia State Bar Association

- West Virginia Civil Rights Coalition

With no legal recourse being taken against any of the individuals.

So the petitioner filed her own reconsideration and hebas petition by herself.

And after being granted a reconsideration the judge took it away because the defendant asked for a hebas. '

The Judge instructed me to pick between a heabas or reconsideration and the petitioner choose the hebas petition on 12-29-15.

Be cause defendant wanted to file a heabas he took away the reconsideration granted the heabas corpus.

Thus denying the defendant another constitutional right to have as many hebas filings as you want while still being granted a reconsideration.

New counsel was appointed William pendington he refused to sign for defendants certified mail after stating in a letter to send him more information on 2-22-16 thus basically refusing to file a heabas corpus.

Defendant then again asked the West Virginia State Supreme Court for counsel and filed yet again the same petition pro se which they refused to hear granted a continuance and remanded back to The Monongalia Circuit Court for appoint of counsel.

Deandra Burton was appointed counsel she also refused to pick up certified return receipt mail thus basically refusing to file habeas corpus also.

In the mean time petitioner filed for several motions in The Monongalia County Circuit Court pro se a:

- Motion to discharge defendant from further custody due to refusal of transcripts

- Motion to amend clerical orders in previous court orders

- Recusal of prosecutor

- Dismissal of judge

- Change of venue

So that she could obtain legal representation and receive a fair tribunal.

She was refused the motions stated above but was granted release from prison but not from states custody. As long as she agreed to drop the habeas corpus.

Petitioner did not agree so she refiled a motion to continue her case.

See transcript. August. 2016 Underlined .

Deandra Burton did not have petitioner sign the consent to drop the hebas.

Petitioner then filed a motion to withdraw her as counsel and yet again filed her heabas petition prose which the West Virginia state Supreme Court again refused to accept they continued it and remained it yet again to Monongalia Circuit Court for appointment of counsel.

De andra Burton was ordered to show in good cause in writing why she failed to respond to the orders of the West Virginia state Supreme Court 10-24-2016.

Petitioners filing was again rejected because she had counsel and was yet again remanded back to Monongalia county circuit court for appointment of counsel so they could continue to evade review .

Ashley Hunt was appointed

The West Virginia state Supreme Court sent my case file to Mrs Hunt both 16-0034 and 16-0235 along with a letter dated 2-24-17 .

Ashley Hunt was ordered to have a Petition filed by March 1 2017.

By an order on 2-2-17 .

Conveniently the petitioner was released from states custody on February 27 2017.

By an order stating that i was in the courtroom at the proceeding.

While I was not present which you will see if u subpoena the court room cameras for that day.

The petitioner had filed for a continuance of the hearing.

Before the hearing on 2-27-18 it was not granted

So that they could yet again evade review.

The state of West Virginia finally appointed counsel for the defendant after her being released from states custody.

Crystal Walden was to have the petition filed by March 31 2017 she transfer the case to Micheal Palmer who wanted the petitioner to sign a paper stating that she did not want to file a habeas.

Petitioner refused to sign because she wanted to file the petition and filed a motion stating that the She wanted to continue with the filing.

She was refused saying it was now moot.

Why would the West Virginia state Supreme Court not appoint counsel in the first place instead of remanding back numerous times for appointment of counsel?

Ensuring that the petitioner would not receive a fair tribunal and could not receive legal representation.



They wanted to and did release the petitioner from states custody six months early even with past probationary history.

Thus rendering all filings as moot and evading review of other petitions filed in the federal court as moot because she was no longer in states custody.

• Case number 16-0034 that respondent renae stubblefeild was appointed counsel Zachary Aaron by the state of West Virginia but the petitioner was not.

The petitioner was not appointed any legal representation.

Why in a criminal habeas is the petitioner unable to have legal representation of the same caliber and of the same court as the respondent?

Petitioner does not understand how they can appoint counsel to one party but not to both shouldn't both parties have legal representation appointed by the West Virginia state court instead of the petitioner not having any or it being remanded back to the circuit court for appointment of counsel.

Where the petitioner will not receive a fair tribunal because counsel is being appointed by the circuit court that she has filed the heabas petition against.

Including federal civil suits against. By appointing their own attorneys from the court they can evade review .

By not having the circuit courts appointed counsel file the habeas petitions and releasing the petitioner six months early from States custody one day before the Supreme Court ordered the heabas to be filed so they could evade review

• Case 16-0034 was docketed and dismissed in West Virginia state Supreme Court by Supreme Court justice.

2:16cv00007 filed in the federal court .

Dismissed in the federal court by magistrate.

Robert w Trumble Judge.



John Preston bailey

because defendant did not exhaust state remedies.

Even though after a Dismissal of case 16-0034 in the federal court so they could evade review.

So the petitioner again refiled in the West Virginia State Supreme Court and her case was refuse to be heard by because she had counsels appointed by they circuit court of Monongalia county.

The West Virginia state Supreme Court refused to give the petitioner a docket number for

Two habeas petitions filed in the West Virginia state Supreme Court

1 violations of code 62-12-10

Twice and violations at probation hearings by

Stephen Fitz

Edward Rollo

Lisa Barrett reidman

Mrs dechristopher

Phillip gaujot

(Day report officer westfall)

For the prosecutor attorney and head of probation having a meeting with the defendants attorney and purposefully sending the revocation papers on

To an address that the defendant was arrested at in 2012 instead of where she resided in 2014.

All parties had knowledge of where defendant lived due to court procedures , bond, and probation.

Refusals of a granted reconsideration on 12/29/15

because petitioner wanted to file a heabas on her plea hearing that was corcered and not mediated.

So that they could yet again evade review.

They would not give me a docket number for the above mentioned cases so I filed in the federal court case numbers

3:16cv05179

3:16cv05251

They were Dismissed as moot because no longer in states custody

???

Petitioner filed a js44 civil action. For violation of civil rights by a US citizen

Which the federal court refused to docket and sent petitioner a bivions complaint ~~but the petitioner was not in states custody at this time~~. which was for violations of civil rights.

So they could dismiss as moot stating I was not in states custody.

Dismissed by the same judge and district that had previous transfer orders for conflict of interest.

So the petition does not understand how these two petitions were dismissed by this same judge, that cases were transfered out of his court to another district for conflict of intrest.

Case number

2:17-cv-00137

2:17-cv-132

By judge John Preston bailey

Previous orders transferring prior cases filed were against the same court and judge. For conflict of interest.



Transfer order

2:16-cv-00050

All federal heabas and civil petitions were dismissed as moot because petitioner was released from probation early thus rendering them as moot so they could evade review of their actions.

Case numbers

. 2:16cv00007

Fourth circuit case numbers

16-6995

17-6463

17-3849

17-7597

17-7596

18-7066

18-7069

All of the above cases have been dismissed as moot because of the refusal of the West Virginia state Supreme Court to accept pro se filings.

Not forcing appointed counsel to file a heabas petition.

Not appointing their own counsel in the first place after the refusal af previous attorneys to pick up mail.

And not enforcing their own court orders to DeAndra Burton and Ashley Hunt that gave specific dates as to which the heabas was to be filed in The West Virginia State Supreme Court.

Thus evading review of their actions and causing other cases to be dismissed as moot so the state of West Virginia would not have to reimburse the petitioner any monetary value for their actions.

To make sure as not to clear the petitioners criminal history.And to have the lower courts explain as to the reason why they were not following the upper courts orders.

Still in the fourth circuit

18-6690

18-1672

18-7066

18-7069

•All petitions filed in the northern district court were transferred to the southern district court. Due to conflict of interest.

When petitioner filed motions for transfer to another division or district outside the state of West Virginia. This was not granted.

The petitioner asked that her petitions be moved to another district division or circuit not within the state of West Virginia and was refused.

Instead they were transferred to a district that the petitioner had petitions filed against.

Causing the same results as the above mentioned facts pertaining to The West Virginia State Supreme Court and docketing her case.

And raising the same question mention why are they evading review?

Cases transfered

Case numbers

2:16cv50

Transferred for conflict of interest

Judge bailey


2:16cv50 misc number 3:17-Mc-44

Judge seiners


1:16cv82

Judge keely

Judge trumble


The petitions were against both the northern and southern district.


Instead of transferring outside this circuit the district court choose to keep the petitions in the state were the petitioner would not receive a fair tribunal. Making sure they could evade review by not hearing

while the case was ripe.

But instead holding the case until the lower courts could render a decision releasing petitioner from custody and render the rest of the petitions filed as moot.


1:17cv128

Judge Keeley.

Conflict of interest


I would like awarded all previously asked for momentary value on previous federal petition filed because had they not been evading review and did what they were court ordered to do By the West Virginia state supreme court then petitioner cases would not have been dismissed as Moot because of the refusal to file wow the case was ripe for over 15 months. Holding it until they could release her from states custody that's making it moot

I also want the sum $50 million due to the fact of the repercussion and duress that I will have to suffer for the rest of my life due to their maladministration, curreptness , and evading review And I believe this was done because I had 10 civil suit against them for different reasons and they didn't want to the state

of West Virginia didn't want to pay the money out because they knew that they were in the wrong that's why they evaded review for 15 months by not docketing and continuously remanding it back to the same court for appointment of counsel that the petitioner had her case filed against thus Ensuring that the petitioner would not receive a fair tribunal and that the case would evade review as it had in the past so the court could cover up their own actions and wrongdoings at the circuit court level it wasn't whether the petitioner sign the plea it wasn't what the plea was signed what it was was because a judge , prosecutor and the attorney didn't mediate the plea and coerced the petitioner into signing it so the more opportune the question that the district court should be asking is why did they Corce Dependent and the signing it and what was their monetary gain for doing so and what was the West Virginia state Supreme Court's monetary gain for not docketing my case or making the West Virginia state supreme court docket it That would be the more opportune question Plus the refusal of the West Virginia state Supreme Court to docket two decisions on appeal thus causing the petitioner do you have to file and the federal court so they could yet again evade review

I would like to designate the record of with the docket sheet from each correct with the following date that the orders occur on And their docket number

Numbers are included with the petition and they are also highlighted on each of the docket sheets thank you

Monongalia Circuit Court

Docket sheet 13 -f-142

Date open May 28 2013

Steven Fitz

Ashley Hunt

Page. Date. Memorandum

West Virginia state Supreme Court

West Virginia District Court

*Filed a criminal complaint with the DOJ West Virginia*

AT&T Mobility

1025 Lenox Park Blvd NE # B750

Atlanta, GA 30319-5309

California

BBB Complaint Case# 653512 (Ref#11-198239-653512-3-200)

Apple silicone valley

Lena Palacios

Consumer Services

BBB Complaint Department

Your complaint has been applied to the following business:

Apple Inc.

1 Apple Park Way

Cupertino, CA 95014-0642

Better Business Bureau of Austin Texas

Your complaint number is CGS-202402.

AT&T office of the president Danny Yount

(501) 235-2066

Doj complaint numbers

41233385

4139510

4125100

4141486

FCC complaint numbers

*DOJ said to but previously filed in 2016 Criminal and Civil Complaints they said to report to the FBI I did this previously in 2016 to the Pittsburg Field office they would not give their names or numbers just had me give my phone number and name and complaint color of law.*