IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

TERESA MILLER

   **Plaintiff,**

v.           **Case No. 2:18-cv-01515**

DEANDRA BURTON, et al.,

   **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

  This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and is referred to the undersigned for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The plaintiff's Complaint (ECF No. 1) is before the court for initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

## STANDARD OF REVIEW

  Pursuant to 28 U.S.C. § 1915(e)(2)(B), because the plaintiff is proceeding without prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B).   When reviewing an *in forma pauperis* complaint for failure to state a claim, this Court applies the same standards that it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6).   *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630,

633 (4th Cir. 2003)).   This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face."   *Id.* (internal quotation marks omitted).

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).   However, to withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face."   *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Iqbal*, 556 U.S. at 678.   Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'"   *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555).   A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss.   *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."   *Iqbal*, 556 U.S. at 679.   This Court then "assume[s] the[] veracity" of the

2

complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Teresa Miller ("Miller") is a prolific filer. This matter is one of four civil cases filed by Miller that are pending in this court. Miller's present complaints are extremely convoluted and arise out of events surrounding numerous other court proceedings filed in the state and federal courts of West Virginia and the United States Court of Appeals for the Fourth Circuit. Although Miller's proceedings initially arose within the Northern District of West Virginia, all of her civil actions have been transferred to this United States District Court due to a perceived conflict of interest because two judges of the United States District Court for the Northern District of West Virginia are named as defendants in Miller's complaints. The undersigned believes that a recitation of the procedural history of these various proceedings will aid the district court in the resolution of the instant matter.[1]

---

[1] This factual background is derived from the Complaint filed in this matter, as well as court records contained in the plaintiff's other matters filed in this court, the Supreme Court of Appeals of West Virginia ("the SCAWV"), the United States District Court for the Northern District of West Virginia, and the United States Court of Appeals for the Fourth Circuit, of which this court may take judicial notice. *See Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) ("[A] court may properly take

### A.    Miller's state court criminal and post-conviction proceedings

On November 14, 2013, Miller pled guilty, pursuant to a written plea agreement, to one count of possession with intent to deliver a Schedule II controlled substance in the Circuit Court of Monongalia County, West Virginia.   A Plea Order was entered on December 4, 2013.   Plea Order, *State v. Miller*, No. 13-F-142 (Monongalia Cty. Cir. Ct., Dec. 4, 2013), Docket No. 51.[2]

On January 6, 2014, Miller was sentenced by Monongalia County Circuit Judge Phillip Gaujot to a term of imprisonment of 1 to 15 years.   However, Judge Gaujot ordered that Miller serve her time on probation and home confinement in lieu of prison. Miller was further ordered to report to her probation officer as directed.   A Sentencing/Home Confinement Order was entered on January 16, 2014.   *Id.*, Docket No. 56.   Throughout these criminal proceedings, Miller was represented by retained counsel, Edmund J. Rollo ("Rollo").

On February 19, 2014, a Notice of Violation of Probation/Motion to Revoke Probation was filed after Miller tested positive for cocaine.   *Id.*, Docket No. 61.   Rollo was appointed to represent Miller in the revocation proceedings.   *Id.*, Docket No. 64. On February 25, 2014, Judge Gaujot conducted a revocation hearing in which he revoked

---

judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'"); *see also Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) ("Courts are permitted to consider facts and documents subject to judicial notice without converting the motion to dismiss into one for summary judgment.")

2    The bulk of the documents referenced from Miller's state court proceedings were attached as exhibits to her filings docketed in this court in Case No. 2:17-cv-03951, ECF Nos. 1 and 17, and Case No. 2:17-cv-04130, ECF No. 1.   For ease of reference, with respect to Miller's Monongalia County Circuit Court criminal proceedings, the undersigned will cite to the state court case style (*State v. Miller*, No. 13-F-142) and the applicable docket number, which can be found on the docket sheet attached hereto as "Court's Exhibit A." However, if needed, the presiding District Judge may locate these documents in the companion federal cases filed herein.

Miller's probation and home confinement and ordered that she be placed in the custody of the West Virginia Division of Corrections ("WVDOC"). A Revocation Order was entered on April 16, 2014. *Id.*, Docket No. 65. A transcript of that proceeding was docketed on June 9, 2014. *Id.*, Docket No. 72.

On May 5, 2014, Miller filed a *pro se* motion for reduction of sentence. *Id.*, Docket No. 68. On or about May 7, 2014, Miller, by counsel, moved for reconsideration of Judge Gaujot's order revoking her probation and home confinement. *Id.*, Docket No. 69. At a hearing held on June 9, 2014, Judge Gaujot agreed to place Miller back on home confinement; however, that ruling was contingent upon the Preston County Home Confinement Office accepting Miller for placement and upon Miller's enrollment in either drug court or in-patient treatment. A Reconsideration Order was entered on June 16, 2014. *Id.*, Docket No. 73. However, such arrangements were apparently never completed and Miller remained in WVDOC custody.

On March 9, 2015, another hearing was held on Miller's motion for reconsideration. At that time, Judge Gaujot ordered that Miller be placed on probation for six months, and she was released from WVDOC custody. A Temporary Release Order was entered that same day. *Id.*, Docket No. 84. An Order granting Miller's motion for reconsideration and placing her on probation for six months was entered on March 13, 2015. *Id.*, Docket 85. A transcript of the March 9, 2015 revocation hearing was docketed on April 28, 2016. *Id.*, Docket 117.

However, on June 3, 2015, another revocation petition was filed by the probation officer due to Miller's non-compliance with her conditions of probation. *Id.*, Docket No. 87. A revocation hearing was held on June 30, 2015, at which Miller failed to appear.

Miller contends that she did not receive notice of this hearing because the notice was mailed to an old address, which the court, probation officer, and prosecutor knew was not her current address.    A capias was issued for Miller's arrest on July 6, 2015.    *Id.*, Docket No. 88.

Miller was arrested on July 20, 2015.    *Id.*, Docket No. 90.    At another hearing on July 30, 2015, Judge Gaujot found that Miller had violated the conditions of her probation by absconding from supervision and he again revoked her probation.    Miller was sentenced to serve her original 1 to 15-year sentence in WVDOC custody, with 464 days of credit.    A Revocation Order was docketed on August 10, 2015.    *Id.*, Docket No. 92.    A transcript from the July 30, 2015 revocation hearing was docketed on April 28, 2016. *Id.*, Docket No. 118.

On September 30, 2015, Miller filed another *pro se* motion for reduction of sentence.    *Id.*, Docket No. 94.    On October 5, 2015, Miller, by counsel, filed another motion for reconsideration concerning the revocation of her probation.    *Id.*, Docket No. 95.    Thereafter, Miller filed additional pro se motions for reduction of sentence and appointment of counsel. *Id.*, Docket Nos. 99, 102.

A hearing was held on December 29, 2015, during which Judge Gaujot refused to place Miller back on home confinement, but suggested that he would hold in abeyance the motion for reconsideration while Miller applied for acceptance into drug court. However, before the conclusion of the hearing, Miller inquired about the appointment of counsel to assist her with filing a habeas corpus petition.    When Judge Gaujot stated that she would have to select which avenue of relief she wished to pursue, Miller stated that she wished to file a habeas corpus petition.    Thus, Judge Gaujot denied the motion for

reconsideration, released Rollo from further representation of Miller, and directed Miller to complete the appropriate paperwork to have new counsel appointed to represent her with respect to filing a habeas corpus petition.   A transcript of the December 29, 2015 hearing was docketed on April 28, 2016.   *Id.*, Docket No. 119.

On or about January 14, 2016, Judge Gaujot entered an order releasing Rollo as counsel and appointing William Pennington to represent Miller.   *Id.*, Docket No. 103. On January 14, 2016, Judge Gaujot also entered an amended order concerning the probation revocation and re-imposed Miller's original sentence of 1 to 15 years of imprisonment, with 464 days of custody credit.   *Id.*, Docket No. 104.

On January 19, 2016, Miller filed a *pro se* original jurisdiction habeas corpus petition in the SCAWV.   Pet. for Writ of Habeas Corpus, *State ex rel. Miller v. Stubblefield*, No. 16-0034 (W. Va. Jan. 19, 2016) (*See* Case No. 2:17-cv-03951 (S.D. W. Va.), ECF No. 17, Attach. 5).[3]   Initially, on February 9, 2016, the SCAWV entered a Scheduling Order directing the respondent to respond to the petition by March 8, 2016. (*Id.*, ECF No. 1, Attach. 4).   On March 2, 2016, the respondent filed a Summary Response/Motion to Dismiss, which argued, in part, that Miller had not filed an appendix in support of her petition.   (*Id.*, Attach. 5).   On March 15, 2016, the original jurisdiction petition was ultimately dismissed, without prejudice, because Miller had not filed an appendix and because counsel had been appointed by the Circuit Court of Monongalia County to file a habeas corpus petition on her behalf.   (*Id.*, Attach. 6).

---

3  With respect to the documents filed in the SCAWV, the undersigned will hereinafter cite to the copy of those documents contained in the exhibits filed in Case No. 2:17-cv-03591.

On March 7, 2016, Miller sought an appeal of Judge Gaujot's January 14, 2016 amended revocation order.   Notice of Appeal, *State v. Miller*, No. 16-0235 (W. Va. Mar. 7, 2016) (*See* Case No. 2:17-cv-03951 (S.D. W. Va.), ECF No. 17, Attach. 8).   On March 15, 2016, the SCAWV entered a scheduling order for Miller's appeal.   (*Id.*, ECF No. 1, Attach. 7).   On April 15, 2016, the SCAWV issued an Order notifying Miller that her proposed designated record was deficient and directing her to file a proper appendix by May 5, 2016.   (*Id.*, Attach. 8).   That same date, Miller filed a motion for appointment of counsel to represent her in the appeal.   (*Id.*, ECF No. 17, Attach. 11).   On May 27, 2016, the SCAWV remanded the matter to the Circuit Court of Monongalia County for the limited purpose of appointing counsel to represent Miller in the appeal.   (*Id.*, ECF No. 1, Attach. 9).   On July 14, 2016, DeAndra Burton ("Burton") was appointed by Judge Gaujot.   On August 5, 2016, the SCAWV ordered Miller, by counsel, to submit an amended notice of appeal by September 6, 2016.   (*Id.*, Attach. 11).

However, on August 11, 2016, another hearing was held before Judge Gaujot in the criminal matter and Miller was temporarily released on probation.   *State v. Miller*, 13-F-142, Docket No. 139.   Thus, in light of the fact that she was no longer incarcerated, on October 5, 2016, Burton moved to withdraw Miller's appeal (without her consent).   (Case No. 2:17-cv-03951 (S.D. W. Va.), ECF No. 1, Attach. 12).   Thus, on October 6, 2016, the SCAWV entered a Notice of Intent to Dismiss directing Burton to file an amended notice of appeal by October 16, 2016, or else the appeal would be dismissed without consent. (*Id.*)

Burton failed to file the amended notice of appeal.   Thus, on October 24, 2016, the SCAWV issued a Notice of Intent to Sanction.   (*Id.*, Attach. 13).   On November 14, 2016,

Burton moved to withdraw as counsel.   (*Id.*, Attach. 14).   On December 15, 2016, the SCAWV granted Burton's motion to withdraw and remanded the matter to the Circuit Court of Monongalia County to appoint new counsel.   (*Id.*)

On January 23, 2017, Ashley Williams Hunt ("Hunt") was appointed to represent Miller in the pending appeal.   (*Id.*, Attach. 15).   On February 2, 2017, the SCAWV issued an Order directing Hunt to file an amended notice of appeal by March 1, 2017.   (*Id.*) However, Hunt failed to file the amended notice of appeal by that date.   Thus, on March 3, 2017, Hunt was relieved as counsel, and the SCAWV appointed Crystal Walden to represent Miller.   (*Id.*, Attach. 16).   The Court further ordered that an amended notice of appeal be filed by March 31, 2017.   (*Id.*)

However, on February 27, 2017, Judge Gaujot discharged Miller from probation, with an order to that effect being entered on March 10, 2017.   *State v. Miller*, 13-F-142, Docket No. 147.   Consequently, on March 21, 2017, Jason D. Parmer, co-counsel of Crystal Walden, filed a motion to withdraw Miller's appeal as moot.   (Case No. 2:17-cv-03951, ECF No. 1, Attach. 17).   On April 19, 2017, the SCAWV granted the motion to withdraw appeal, over Miller's *pro se* objection.   (*Id.*, Attach. 18).   Miller subsequently filed a petition for a writ of certiorari, which was denied by the United States Supreme Court on November 13, 2017.   *Miller v. State of W. Va.*, No. 17-5849, 138 S. Ct. 449 (Nov. 13, 2017), *reh'g denied*, 138 S. Ct. 730 (Jan. 8, 2018).

### B.    Miller's section 2254 federal habeas petition and appeal

On February 1, 2016, while her appeal was still pending in the SCAWV, Miller filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of West Virginia ("NDWV"), Case No. 2:16-

cv-00007 (N.D. W. Va. Feb 1, 2016)), ECF No. 1.   On June 21, 2016, United States Magistrate Judge Robert W. Trumble recommended dismissal of that petition, without prejudice, for failure to exhaust available state court remedies.   *Id*., ECF No. 67; s*ee also* Case No. 2:17-cv-03951 (S.D. W.Va.), ECF No. 1, Attach. 20.

On July 12, 2016, United States District Judge John Preston Bailey adopted Magistrate Judge Trumble's Report and Recommendation and dismissed Miller's section 2254 petition, without prejudice, for failure to exhaust state court remedies.   *Miller v. State of W. Va.*, No. 2:16-cv-00007, 2016 WL 3824858 (N.D. W. Va., July 12, 2016). (*Id*.)   Miller's appeal of that decision was dismissed by the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") on November 22, 2016.   *Miller v. State of W. Va.*, No. 16-6995, 670 F. App'x 825 (4th Cir. Nov. 22, 2016).   (*Id*., Attach. 21 and 22).

### C.    Miller's prior civil rights complaints

On May 5, 2016, Miller filed a complaint in the NDWV (*Miller v. W. Va. Div. of Corr.,* Case No. 1:16-cv-00082 (N.D. W. Va.), ECF No. 1, concerning her conditions of confinement at the Lakin Correctional Center ("Lakin").   However, because Lakin is located within the Southern District of West Virginia ("SDWV"), that matter was transferred to this court, re-assigned Case No. 3:16-cv-04225, and it was assigned to Judge Robert C. Chambers, and referred to United States Magistrate Judge Cheryl E. Eifert.   On April 5, 2017, Judge Chambers adopted Magistrate Judge Eifert's Proposed Findings and Recommendation and dismissed that matter for failure to state a claim upon which relief can be granted.   *Miller v. W. Va. Div. of Corr.*, No. 3:16-cv-04225, 2017 WL 1317061 (S.D. W. Va. Apr. 5, 2017).   Miller's appeal of that decision was dismissed by the Fourth Circuit on August 22, 2017.   *Miller v. W. Va. Dep't of Corr.*, No. 17-6463, 696 F.

App'x 115 (4th Cir. Aug. 22, 2017).

Miller subsequently filed two additional civil cases in the NDWV against the United States District Court for the Southern District of West Virginia and the United States Court of Appeals for the Fourth Circuit arising out of the dismissal of Case No. 3:16-cv-04225 and the subsequent appeal. (Case Nos. 2:17-cv-00132 and 2:17-cv-00137). Those matters were dismissed by the NDWV based upon sovereign and judicial immunity. (Case No. 2:17-cv-00132, ECF No. 7, and Case No. 2:17-cv-00137, ECF No. 7). Miller appealed those dismissal orders to the Fourth Circuit, which consolidated the appeals, and issued a per curiam opinion affirming the judgments of the district court on March 29, 2018. *Miller v. United States Dist. Ct.*, Nos. 17-7596, 17-7597, 716 F. App'x 228 (4th Cir. Mar. 29, 2018).

### D.    Miller's section 2241 habeas corpus petitions

On June 7, 2016, while incarcerated at Lakin, Miller also filed two petitions for a writ of habeas corpus under 28 U.S.C. § 2241 in the NDWV.[4] Again, however, because Miller was incarcerated within the SDWV, both section 2241 petitions were transferred to this court because the respondent is located herein. However, when Judge Gaujot released Miller on probation on August 11, 2016, and then ultimately discharged her from probation on February 27, 2017, she was no longer considered to be "in custody" for the purpose of filing a habeas corpus petition in either state or federal court. Consequently, her two 2241 petitions filed in this court became moot and were dismissed on August 16, 2018. (Case No. 3:16-cv-05179, ECF No. 22; Case No. 3:16-cv-05251, ECF No. 27).

---

4    The case numbers assigned to these cases in the NDWV were Case Nos. 3:16-cv-00075 and 5:16-cv-00080. The cases were re-assigned Case Nos. 3:16-cv-05179 and 3:16-cv-05251 in the SDWV.

Miller unsuccessfully appealed the dismissal of those petitions.   *See Miller v. Nohe*, No. 18-7066 (4th Cir. Oct. 26, 2018) and *Miller v. Nohe*, No. 18-7069 (4th Cir. Oct. 26, 2018).

### E.    Miller's pending complaints

As stated above, Miller has four civil cases currently pending in this court.   The undersigned will address each case in turn.

### *Case Nos. 2:17-cv-03951 and 2:17-cv-04130*

On June 17, 2016, Miller filed her first complaint in the NDWV (docketed in the NDWV as Case No. 1:17-cv-00128; now Case No. 2:17-cv-04130 in the SDWV).   That complaint alleges improprieties in Miller's probation revocation and parole consideration proceedings and names the following defendants: Phillip D. Gaujot, Edmund Rollo, Stephen Fitz, Ms. DeChristopher, Lesa Reidman/Barret, Lance Kurtza, and the West Virginia Parole Board.

On July 21, 2017, Miller filed her second complaint in the NDWV (docketed in the NDWV as Case No. 2:16-cv-00050; now Case No. 2:17-cv-03951 in the SDWV).   That complaint alleges various improprieties in Miller's state court criminal and post-conviction proceedings and contends that she was improperly denied the right to file a habeas corpus petition.   The second complaint names the following defendants: Monongalia County Circuit Court, Judge Phillip Gaujot, Judge Summers, Stephen Fitz (misnamed as "Steven"), DeAndra Burton, Edmund Rollo (misnamed as "Edward"), William Pennington (misnamed as "Michael"), Ashley Hunt, Michael Parmer, the West Virginia Supreme Court of Appeals, Robert W. Trumble, the United States District Court for the Northern District of West Virginia, and the United States Court of Appeals for the Fourth Circuit.   Because Miller's second complaint named Judge Trumble and the

12

United States District Court for the Northern District of West Virginia as defendants, the NDWV determined that both matters should be transferred to the SDWV for further consideration.

### *Case No. 2:18-cv-01515*

On December 6, 2018, Miller filed a third complaint in the NDWV against the various personnel involved in her criminal and post-conviction proceedings (docketed in the NDWV as Case No. 1:18-cv-00216; now Case No. 2:18-cv-01515 in the SDWV).   The defendants named in the third Complaint are:   DeAndra Burton, Ashley Hunt, Michael Parmer (misnamed as "Palmer"), Judge Allen Loughry (misnamed as Lougery"), Judge Robin Davis, Margaret Workman (misnamed as "Margert"), Judge Beth Walker, Stephen Fitz (misnamed as "Steven"), William Pennington (misnamed as "Pendington"), Edmund Rollo (misnamed as 'Edward"), Judge John Preston Bailey, Judge Robert W. Trumble, and Judge Phillip Gaujot.   On December 13, 2018, the NDWV transferred that matter to this court because Judges Trumble and Bailey were named as defendants.

### *Case No. 2:19-cv-00087*

On January 23, 2019, Miller filed a fourth complaint in the NDWV concerning her criminal and post-conviction proceedings (Case No. 1:19-cv-00011 in the NDWV; now Case No. 2:19-cv-00087 in the SDWV).   The defendants named in the fourth complaint are:   Judge Allen Loughry, Beth Walker, Robin Davis, Margaret Workman (again misnamed as "Margert"), Phillip D. Gaujot, John Preston Bailey, William Pennington, DeAndra Burton, Ashley Hunt, Michael Parmer (again misnamed as "Palmer"), Stephen Fitz (again misnamed as "Steven"), Edmund Rollo (again misnamed as "Edward"), Lisa Barrett, Robert W. Trumble, Ms. DeChristopher, and Day Report Officer Westfall.

13

**This Proposed Findings and Recommendation will address Miller's third complaint contained in Case No. 2:18-cv-01515 (hereinafter "Complaint").**   A thorough reading of the instant Complaint, which is substantially similar to her fourth complaint that has already been recommended for dismissal, demonstrates that Miller is challenging actions taken in the course of her criminal and post-conviction proceedings and alleges that she has been denied her constitutional right to pursue habeas corpus relief.

Miller contends that Judge Gaujot and the justices of the SCAWV improperly denied her the right to file a *pro se* habeas corpus petition because she was represented by counsel, who failed to file any petition on her behalf prior to her release from custody. Miller has also sued United States Magistrate Judge Robert W. Trumble and United States District Judge John Preston Bailey, presumably due to their role in dismissing, without prejudice, her federal habeas corpus petition for failure to exhaust state court remedies. Miller further contends that, now that she has been released from state custody, she cannot file a habeas corpus petition and cannot challenge her underlying conviction and sentence.

Thus, Miller contends that the actions of the judicial officers involved in her proceedings, and those of the prosecutor, the probation officer, and the various attorneys who represented her in those proceedings, permitted the courts to evade review of her criminal conviction and revocation proceedings.   Specifically, the Complaint alleges:

> The petitioner is filing this petition due to the impeachment of the four West Virginia state Supreme Court judges.   [Due] to their maladministration and their corrupt actions.   By their refusal to take pro se filings and by their own refusals to enforce the court orders with the lower courts.   The Monongalia [C]ounty [C]ircuit [C]ourt's refusals to do what was court ordered by the West

14

> Virginia state Supreme Court of [A]ppeals.   Had the petitioner been granted
> her constitutional right to a habeas corpus she may have had her charges just
> dropped and by them refusing to retry her they violated her constitutional
> rights.

(ECF No. 1 at 1).   The Complaint further alleges in pertinent part:

> Petitioner does not consider early release from prison as a remedy or
> resolution to [habeas] corpus because on December 29, 2015 petitioner
> turned down a reconsideration which would release her from prison for a
> court ordered [habeas] corpus so that she could have her case review[ed]
> and overturned thus removing her criminal history.

> By not docketing or reviewing my case after dismissal of case number 16-
> 0034 on in the West Virginia State Supreme Court.   By the West Virginia
> District Court dismissing case number 2:16cv7 even after it had been
> dismissed by the West Virginia Supreme Court of [A]ppeals due to the fact
> that I had not exhausted West Virginia States remedies.   So by their actions
> at a period when the case was ripe they dismissed my petition so they could
> evade review of the lower court[']s decision.   Ripe meaning in United
> States law, "ripeness refers to the readiness of a case for litigation;" "a claim
> is not ripe for adjudication if it rests upon contingent future events that may
> not occur as anticipated, or indeed may not occur at all."

> This did not occur at all because the [Circuit Court of Monongalia County]
> decided to release the petitioner from probation six months early even with
> petitioner[']s past probation history that she was refused parole on twice.

> They refused to hear the petitions filed pro se by petitioner kept continuing
> and [remanding] back to the Monongalia County Circuit Court while the
> case was ripe.   The West Virginia State Supreme Court did not appoint
> counsel from the State of West Virginia public defender[']s office.   The
> appointment of counsel was remanded back to Monongalia County Circuit
> Court for appointment of counsel twice . . . The appointment of counsel was
> given to the same court in which the petitioner had the [habeas] filed
> against.

> The West Virginia State Supreme Court would also not accept pro se filings
> from the petitioner they continuously stated that she had legal
> representation and continued the hearing process until The Circuit Court of
> Monongalia County could release the petitioner from state[] custody six
> months early thus rendering it moot . . . .

(*Id.* at 2).

15

## DISCUSSION

**A.  Miller is not without a potential remedy in the state courts and she is presently barred from pursuing a claim for damages.**

Miller's claims arise, if at all, under the United States Constitution.  The vehicle for such a claim is section 1983 of Title 42 of the United States Code, which provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983.  While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).  To successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Miller's Complaint alleges that she was continuously denied her constitutional rights for 15 months, and that she "will have to suffer their legal maladministration for the rest of [her] life.  (ECF No. 1 at 3).  She further contends that the conduct of the defendants in evading review of her filings results in "[h]aving prior convictions and criminal background held against you because you were refused a habeas corpus by four West Virginia State Supreme Court justices."  (*Id.*)  She further speculatively suggests

16

that, had her case been docketed and heard, her conviction and sentence may have been overturned.   (*Id.*)

Miller correctly asserts that she is now barred from filing a habeas corpus petition in the state courts because she is no longer in state custody.   *See Wilson v. Flaherty*, 689 F.3d 332, 336-338 (4th Cir. 2012) (noting that the Supreme Court has never held that a defendant whose sentence has fully expired may still be "in custody" to challenge such conviction or sentence) *see also Cline v. Mirandy*, 765 S.E.2d 583, 588-89 (W. Va. 2014) (W. Va. Code § 53-4A-1(a) permits the maintenance of a habeas corpus petition by one who is "convicted of a crime and *incarcerated* under sentence of imprisonment.") (emphasis in original).   The SCAWV has found that "[i]ncarcerated is defined as 'confinement in a jail or [in a] penitentiary.'")   *Id.* at 589.   However, Miller is not without a potential remedy to challenge her state court conviction.   Individuals seeking relief concerning fundamental errors related to their prior convictions who are no longer in custody may be able to pursue relief through a petition for a writ of error *coram nobis* in state court, if the state court recognizes such a common law remedy under the circumstances of the case.   *Wilson*, 689 F.3d at 339.

The SCAWV has recognized that, although the writ of error *coram nobis* has been abolished in civil cases, in criminal cases, it "remains available whenever resort to a more usual remedy would be inappropriate."   *Kemp v. State*, 506 S.E.2d 38, 39 n.4 (W. Va. 1997) (quoting *James v. United States*, 459 U.S. 1044, 1046-47 (1982)); *see also State ex rel. Richey v. Hill*, 603 S.E.2d 177, 184 n.10 (W. Va. 2004).   In *Kemp*, the SCAWV specifically found: "Although we hold that the appellant cannot, at this time, petition for a writ of habeas corpus, he may be able to protect himself through a writ of error known

17

as *coram nobis*.   This particular writ has been used for post-conviction issues when the defendant is not incarcerated." *Id.*; *see also State v. Hutton*, 776 S.E.2d 621, 633 (W. Va. 2015) (recognizing the circumstances under which a claim of legal, as opposed to factual, error may be presented through a petition for a writ of error *coram nobis*).   Thus, Miller may still have an available state court remedy to challenge her criminal conviction.[5]

Moreover, Miller is presently barred from seeking monetary damages herein.   In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff suing under 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.   A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under section 1983.

In the instant case, Miller seeks monetary damages from the defendants resulting from alleged improprieties during her criminal prosecution, post-conviction proceedings, and appeal, which she claims resulted in an invalid plea and subsequent improper incarceration.   However, she has not demonstrated that her criminal proceedings have

---

5  This Court expresses no opinion on the merits of any such petition or the possible outcome of any future proceeding.   The undersigned further notes that the appropriate venue for any such remedy is in the state courts, as federal district courts lack jurisdiction to issue writs of error *coram nobis* to set aside state court judgments.   *See,* e.g.*, Thomas v. Cunningham,* 335 F.2d 67, 69 (4th Cir.1964); *In re Shelton,* 1 Fed. App'x 149 (4th Cir.2000) (per curiam) (unpublished); *Campbell v. DeWalt,* No. 1:09-cv-00814, 2010 WL 2901874 at *2 (S.D. W. Va. July 21, 2010)

been invalidated.   Therefore, because Miller seeks damages in a section 1983 suit and,
because it appears that her allegations bear on the validity of her criminal proceedings,
she may not seek damages under section 1983 unless and until she can show that her
conviction and sentence have been invalidated.   Accordingly, the undersigned proposes
that the presiding District Judge **FIND** that Miller's Complaint for monetary damages is
barred by *Heck*.

### B.    Judicial immunity

To the extent that Miller has named as defendants the judges involved in her
various state and federal proceedings, those defendants are entitled to absolute immunity
on Miller's claims.   It is firmly settled that judicial officers are immune from liability for
damages for acts committed within their judicial jurisdiction, even when the judge is
accused of acting maliciously and corruptly.   *Pierson v. Ray*, 386 U.S. 547, 554 (1967).
The *Pierson* Court further found that:

> It is a judge's duty to decide all cases within his jurisdiction that are brought
> before him, including controversial cases that arouse the most intense
> feelings in the litigants.   His errors may be corrected on appeal, but he
> should not have to fear that unsatisfied litigants may hound him with
> litigation charging malice or corruption.   Imposing such a burden on
> judges would contribute not to principled and fearless decision-making, but
> to intimidation.

> We do not believe that this settled principle of law was abolished by
> § 1983, which makes liable "every person" who under color of law deprives
> another person of his civil rights.   The legislative record gives no clear
> indication that Congress meant to abolish wholesale all common-law
> immunities.

*Id.*

Here, Miller is challenging actions taken by Judge Gaujot in her criminal
proceedings, by the justices of the SCAWV in her state post-conviction proceedings, and

19

by Judges Trumble and Bailey in her federal habeas corpus proceeding, all of which were taken within their judicial jurisdiction.    Miller's assertions that the actions of the SCAWV justices demonstrated "maladministration," or that any actions of the defendant judicial officers were "corrupt," fail to overcome this absolute immunity.    Thus, the undersigned proposes that the presiding District Judge **FIND** that Miller's claims against defendants Loughry, Walker, Davis, Workman, Gaujot, Trumble, and Bailey should be dismissed with prejudice because they are barred by absolute judicial immunity.

### C.    Prosecutorial immunity

Additionally, absolute prosecutorial immunity "extends . . . to [prosecutorial] actions 'intimately associated with the judicial phase of the criminal process.'"    *Nero v. Mosby*, 890 F.3d 106, 117 (4th Cir. 2018) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)).    Whether the defendants' alleged conduct falls within the scope of absolute prosecutorial immunity depends on "the nature of the function performed, without regard to the identity of the actor who performed it, the harm that the conduct may have caused, or even the question whether it was lawful."    *Id*. at 118 (internal quotation marks omitted).    When the defendant "act[s] as 'an officer of the court'" or as an advocate, he is entitled to absolute prosecutorial immunity, but it does not extend to his performance of "investigative or administrative tasks."    *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009); *Nero*, 890 F.3d at 118.    In making this determination, this Court "look[s] at the specific act challenged."    *Nero*, 890 F.3d at 120.

To the extent that Miller has named Stephen Fitz, a prosecutor assigned to her criminal case, the allegations against Fitz concern only advocative functions in the course of Miller's criminal proceedings.    Thus, the undersigned proposes that the presiding

District Judge **FIND** that, based upon the allegations in the Complaint, defendant Fitz is entitled to absolute immunity and, thus, the Complaint fails to state a plausible claim for relief against him.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr. Senior United States District Judge.    Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.    Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.    *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).    Copies of such objections shall be provided to the opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff, and to transmit a copy to counsel of record.

February 5, 2020

Dwane L. Tinsley
United States Magistrate Judge