```
                UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**TERESA MILLER,**

      **Plaintiff,**

**v.**                                            **Civil Action No. 2:18-cv-01515**

**DEANDRA BURTON, ASHLEY HUNT,
MICHAEL PARMER, JUDGE ALLEN
LOUGHRY, JUDGE ROBIN DAVIS,
MARGARET WORKMAN, JUDGE BETH
WALKER, STEPHEN FITZ, WILLIAM
PENNINGTON, EDMUND ROLLO, JUDGE
JOHN PRESTON BAILEY,
JUDGE ROBERT W. TRUMBLE, and
JUDGE PHILLIP GAUJOT,[1]**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This action was previously referred to United States Magistrate Judge Dwane L. Tinsley for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On February 5, 2020, the magistrate judge entered his PF&R recommending that

---

[1] Plaintiff's complaint misnamed defendants Michael Parmer (misnamed as "Palmer"), Judge Allen Loughry (misnamed as Lougery"), Margaret Workman (misnamed as "Margert"), Stephen Fitz (misnamed as "Steven"), William Pennington (misnamed as "Pendington"), and Edmund Rollo (misnamed as 'Edward'). See ECF No. 11 at 13. The clerk is directed to modify the docket sheet to reflect the correct spelling of these defendants' names.

the court dismiss this civil action pursuant to 28 U.S.C. § 1915(e)(2)(B). <u>See</u> ECF No. 11 at 21. Plaintiff filed objections to the PF&R on February 19, 2020. <u>See</u> ECF No. 12. Defendants have neither objected nor responded to the plaintiff's objections.

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination <u>of those portions</u> of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (first alteration added) (quoting 28 U.S.C. § 636(b)(1)).

The PF&R notes that the instant complaint is substantially similar to the complaint plaintiff Teresa Miller brought in <u>Miller v. Loughry</u>, No. 2:19-cv-00087 (S.D.W. Va. filed Jan. 23, 2019), which this court dismissed on March 30, 2020 pursuant to 28 U.S.C. § 1915(e)(2)(B). The objections plaintiff filed to this PF&R are likewise identical to the objections plaintiff filed in the <u>Loughry</u> case. The court addressed these objections in <u>Loughry</u> and found them to be without merit. <u>See</u> <u>Loughry</u>, No. 2:19-cv-00087 (S.D.W. Va. Mar. 30, 2020).

As in Loughry, plaintiff dedicates the first portion of her objections to recounting the procedural history of the other civil cases filed by plaintiff pending in this court. She argues that by filing separate civil cover sheets for each named defendant in this case, she should have been allowed to file separate cases against each defendant individually to avoid having her claims all dismissed at once. See ECF No. 12 at 1-2. This does not provide a basis to overrule the magistrate judge's findings. Plaintiff does not dispute that she filed the same complaint against these defendants.

Citing Rule 56 of the Federal Rules of Civil Procedure, plaintiff next argues that the court cannot dismiss the case under Rule 12(b)(6) before the other remaining defendants have an opportunity to respond. See ECF No. 12 at 2. This objection misstates the standard for reviewing motions to dismiss and plainly lacks merit.

Plaintiff further argues that the court should look at her complaint as a whole and that the factual allegations are not limited to only that which is included in each paragraph. See ECF No. 12 at 3. It appears this objection was related to the Loughry case where the magistrate judge found that the complaint included "no factual allegations whatsoever concerning any conduct on the part of defendants Westfall or

DeChristopher." Loughry, No. 2:19-cv-00087, slip. op. at 18 (S.D.W. Va. Jan. 30, 2020). The court addressed that objection in Loughry and finds that it provides no basis for relief here.

Next, plaintiff repeats her arguments that the court must apply Rule 8(a)'s pleading requirements rather than Rule 9(b)'s standard for allegations of fraud or mistake. See ECF No. 12 at 3. Plaintiff also dedicates an entire page to quoting Rule 19's standard for the joinder of parties, but does not elaborate how it has any relevance to this case or the PF&R. Id. at 3–4. The magistrate judge did apply Rule 8(a)'s requirements for stating a proper claim for relief without ever mentioning Rule 9(b) or Rule 19 in the PF&R. See ECF No. 11 at 1. Moreover, these objections do not address the magistrate judge's finding that plaintiff's claims against defendants Loughry, Walker, Davis, Workman, Gaujot, Trumble, and Bailey should be dismissed with prejudice because they are barred by absolute judicial immunity, and that plaintiff fails to state a claim against Fitz because, as the prosecuting attorney assigned to her case, he is entitled to absolute immunity. Id. at 19–21. Accordingly, the court overrules these objections.

Finally, plaintiff objects to the magistrate judge's finding that plaintiff still has a potential remedy to challenge her state court conviction and that she is barred from seeking

4

monetary damages under 42 U.S.C. § 1983 resulting from alleged improprieties during her criminal prosecution, post-conviction proceedings, and appeal because she has not demonstrated that her criminal proceedings have been invalidated. See ECF No. 11 at 16-19; ECF No. 12 at 6-7. The magistrate judge found that plaintiff may be able to pursue relief through a petition for a writ of error coram nobis in state court. ECF No. 11 at 16-19. Although plaintiff now argues that such a petition is unlikely to succeed, the magistrate judge did not express any opinion on the merits of any such petition or the possible outcome of any future proceeding. Inasmuch as plaintiff has not shown that a petition for a writ of error coram nobis is unavailable, the court overrules this objection.

The court, accordingly, ORDERS that:

1. Plaintiff's objections to the PF&R be, and they hereby are, overruled.

2. The magistrate judge's PF&R entered February 5, 2020 be, and it hereby is, adopted and incorporated in full.

3. This civil action be, and it hereby is, dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: May 11, 2020

John T. Copenhaver, Jr.
Senior United States District Judge